# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

XAVIER DAVID PEREZ,

    Petitioner,

-vs-                                      Case No.  8:13-cv-2950-T-30AEP

STATE OF FLORIDA, et al.,

    Respondents.
_____/

## ORDER

    Petitioner, a pretrial detainee at the Polk County Jail, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("petition"). According to the petition, Petitioner is being unlawfully detained pursuant to charges that are based on false allegations by the alleged victims. As relief, Petitioner seeks either immediate release from detainment, or an order directing Respondents to produce evidence substantiating the victims' allegations. Upon consideration, the Court concludes that the petition must be dismissed.

### Discussion

    As a state pretrial detainee, Petitioner may challenge his confinement as unconstitutional by petitioning for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). However,

habeas corpus relief under § 2241 is available to a pretrial detainee only if he has first exhausted his state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ("[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."). It is apparent from the fact of the petition that Petitioner has not exhausted his state remedies prior to seeking relief in this Court.

Moreover, the petition should be dismissed because the *Younger* abstention doctrine precludes this Court from interfering with the ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

Petitioner does not allege either irreparable injury or the absence of an adequate state forum where the constitutional issues can be raised. Rather, Petitioner appears to argue that the State is prosecuting him in bad faith because the victims' allegations are false. Petitioner's conclusory and vague assertion, however, is insufficient to demonstrate bad faith prosecution. *See Hudson v. Hubbard*, 358 Fed. Appx. 116, 118 (11th Cir. 2009)

(unpublished) (*Younger* requires that petitioner make a "substantial allegation" showing actual bad faith) (citing *Younger*, 401 U.S. at 48). Consequently, this Court declines to interfere in the ongoing state criminal proceedings. *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court.").

Accordingly, the Court **ORDERS** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any and all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

3